Dear Mayor Nugent:
This office is in receipt of your request for an opinion of the Attorney General in regard to annexation of land contiguous to the Village of Creola. You indicate the land intended to be annexed into the village is surrounded on three sides by land in Creole, and includes frontage on U.S. Highway 167 on one side. It is your understanding that R.S. 33:172 (C) provides that land contiguous to the village can be annexed if 90% of the boundary area to be annexed is common to the boundary of the municipality. In this regard you ask the following:
 If the land intended to be annexed is surrounded on three sides by land in Creola, including frontage on U.S. Highway 167 on one side, to determine the 90% is the area which fronts on Highway 167 required to be included?
R.S. 33:172 (C) provides in part that any municipality may annex contiguous areas by election provided at least ninety percent of the boundary of the area to be annexed is common to the boundary of the municipality, and provided further that a majority of the registered voters residing in the area proposed for annexation, and voting in an election held according to the provisions of R.S. 33:154 through 161 vote in favor of such annexation.
Pursuant to our telephone conversation, it is our understanding that U.S. Highway 167 intersects the semi-circle of contiguous land to the Village of Creola sought to be annexed. Accordingly, we would conclude in determining the 90% boundary area that is contiguous to the village, the highway should be included in the calculation inasmuch as this office has stated that a subdivision may not be annexed leaving the streets out of the annexation although the municipality does not undertake to assume the responsibility for repair and maintenance of the streets. Atty. Gen. Op. 80-167.
In Atty. Gen. Op. 78-293 this office recognized that roads designed part of the parish roads do not lose their character as such by annexation by a municipality of the territory. This office has stated as follows:
 We find that where the parish governing authority has designated such roads as part of the Parish Road System, their character as a part thereof is not lost by mere annexation of the territory within which they are located to the municipality. Further, even though a municipality may adopt ordinances regulating traffic on streets and raods within the municipality, it not thereby ogligated for the maintenance and repair of the streets and roads, particularly, when they form a part of the Parish Road System.
Similarly, in Atty. Gen. Op. 80-167 this office stated a subdivision may not be annexed specifically leaving the streets out of the annexation and reasoning that R.S. 33:151 seems to require that if the lots to be annexed are separated from the municipality by a road or street it would not be contiguous or adjacent unless the street too was annexed.
It would follow since the annexation of property includes the streets of the area, the highway in question should be included in calculating the boundary of the area to be annexed.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR ATTORNEY GENERAL
 BY: _____________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr